**[NOT FOR PUBLICATION]**

**[15]**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CLIFF ROHRABACHER, | : | |
| Plaintiff, | : | Civil Action No. 07-01496 (FLW) |
| v. | : | |
| ANTHONY OLIVIO, et al., | : | **OPINION** |
| Defendants. | : | |

**WOLFSON, United States District Judge**

      Presently before the Court is an unopposed Motion for Summary Judgment to Dismiss the Pro Se Complaint of Plaintiff Cliff Rohrabacher ("Rohrabacher"), with respect to his 42 U.S.C. § 1983 claims against Defendants, New Jersey State Trooper John Olivo ("Olivo")[1], and the New Jersey State Police ("State Police"). This action arises out of the events that occurred on

---

[1] Plaintiff incorrectly pled Defendant Olivo as Anthony Olivio.

-1-

April 1, 2005, when Trooper Olivo arrived on the scene of a single car accident in Bethlehem, New Jersey. Plaintiff's section 1983 claims are based on allegations that Trooper Olivo violated Plaintiff's constitutional rights by engaging in an unlawful search of his motor vehicle and misrepresenting the facts in connection with the search during the subsequent municipal trial.[2] Defendants move to dismiss Plaintiff's Complaint against them because, inter alia:[3] (1) the claims against the State Police and Trooper Olivo, in his official capacity, are barred by the Eleventh Amendment; (2) the State Police and Trooper Olivo are not "persons" amenable to suit under 42 U.S.C. § 1983; and (3) Defendant Olivo is entitled to absolute immunity from Counts 1 & 2 for his testimony as a witness during Plaintiff's municipal trial. On January 25, 2008 a letter order was sent to all counsel, stating that the Court did not receive opposition to Defendants' Motion for Summary Judgment and that it would consider Defendants' Motion unopposed. Letter Order, January 25, 2008. To date, the Court has not received any communications from Plaintiff regarding this Motion for Summary Judgment. The Court finds that, for the following reasons, on a number of separate grounds all Defendants are entitled to summary judgment on all of Plaintiff's claims.

---

[2]Plaintiff brings the following counts in his Complaint: (1) Count 1 alleges a deprivation of Plaintiff's civil rights by unlawful search in violation of the New Jersey Constitution Art. I par. 7; (2) Count 2 alleges a deprivation of Plaintiff's civil rights in violation of the Fourteenth Amendment of the United States Constitution because of allegedly false statements made at trial by Trooper Olivo; (3) Count 3 alleges a deprivation of Plaintiff's civil rights by violation of the New Jersey Constitution Art. I par. 10 because of Trooper Olivo's alleged misrepresentations made under oath during Plaintiff's municipal trial.

[3]Defendants also argue that Plaintiff's 42 U.S.C. § 1983 claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that Plaintiff's claims should be dismissed because they are barred by the doctrines of res judicata and collateral estoppel. However, in light of the Court's rulings regarding Defendants' first three grounds for dismissal, the Court will not consider these additional grounds.

I.  **BACKGROUND**

Plaintiff Rohrabacher, filed a Pro Se Complaint in the United States District Court of New Jersey on March 30, 2007. The Complaint alleges that Plaintiff's civil rights were violated when Trooper Olivo conducted a search of Plaintiff's motor vehicle after arriving on the scene of a single car accident. See Compl. at ¶¶4-5. Upon arriving at the scene, Olivo did not observe anyone in the vehicle. See Melanie L. Armstrong Certification (herein referred to as "Armstrong Certif."), Ex. A, p. 2, Appellate Division's Opinion. After calling dispatch to do a registration and criminal activity check on the vehicle, Olivo searched the vehicle's interior for identification. Id. at 3. He searched through clothing, boxes, and other material in the rear seat looking for a wallet. Id.

While conducting the search, dispatch contacted Olivo and informed him that Plaintiff Rohrabacher and his wife had walked home and refused to return to the scene despite being advised to do so. Id. Plaintiff's vehicle was impounded and he was charged with leaving the scene of an accident, failure to report an accident, and careless driving. Id. at 3-4. After a municipal trial, plaintiff was convicted on all charges. Id. at 4. The court imposed fines and penalties as well as a mandatory six-month suspension of Plaintiff's driving privileges. Id. Rohrabacher appealed the conviction to the Law Division, where the court, following a de novo review of the record, again convicted the Plaintiff of the charges and imposed the same sentence. Id. Plaintiff then appealed the matter to the Appellate Division. On appeal, Rohrabacher argued several points, including that the warrantless search of his vehicle was unconstitutional. Id. at 5. After addressing several of Plaintiff's arguments in its opinion, including the constitutionality of

the search, the court affirmed the lower court's decision. Id. at 5-12. Rohrabacher filed this civil action pursuant to 42 U.S.C. § 1983 and Defendants now move for summary judgment.

## II.     SUMMARY JUDGMENT STANDARD

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," Fed. R. Civ. P. 56(c), and construes all facts and inferences in the light most favorable to the nonmoving party. Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). The Court's function "at the summary judgment stage . . . is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). To successfully defend against a motion for summary judgment, a plaintiff cannot merely rely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Id. at 252.

If the non-movant fails to oppose the motion for summary judgment, Rule 56(e) provides that the Court may only grant the motion for summary judgment "if appropriate." See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990); see also Damino v. Sony Music Entm't, 975 F. Supp. 623, 627 (D.N.J. 1996) (granting summary judgment motion because plaintiff's argument was unopposed, and thus no genuine issue of material fact was created). When "the non-moving party fails to oppose the motion for summary judgment by

written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Carp v. Internal Revenue Serv., 2002 WL 373448, at *2 (D.N.J. Jan. 28, 2002) (quoting Anchorage Assocs., 922 F.2d at 175).  Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D. Pa. Mar. 1, 1989) (citing Childers v. Joseph, 842 F.2d 689 (3d Cir.1988)); see also Atkinson v. Cty. of Phila., 2000 WL 793193, at *5 n. 8 (E.D. Pa. June 20, 2000).  Here, Plaintiff has failed to oppose the present Motion, despite this Court providing him with notice of the need to respond.  See Letter Order, January 25, 2008.

III.   DISCUSSION

    A.   IMMUNITY UNDER THE ELEVENTH AMENDMENT

Plaintiff names the State Police and Trooper Olivo as Defendants.  However, it is well-established that:

> if a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury even though the claim arises under the Constitution. See Quern v. Jordan, 440 U.S. 332 (1979).  Similarly, if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim. See Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam).

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 119 (l984).  The prohibition against naming these defendants derives from the Eleventh Amendment of the United States Constitution which provides: "the judicial power of the United States shall not be construed to

extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state." U.S. Const., Amend. XI.

The amendment precludes federal jurisdiction over a state absent the state's consent to suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). The immunity from suit extends to agencies, departments and officials of the state when the state is the real, substantial party in interest. Id. at 101. The state is considered the real party in interest in two circumstances. Id. at 101-102; Pugh, 438 U.S. at 781. First, whenever "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration.'" College Savings Bank v. United States of America, 948 F. Supp. 400, 409 (D.N.J. 1996) (quoting Pennshurst, 465 U.S. at 101, n. 11). Second, "if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" Id. In this case, the real party at interest is the State. Specifically, Plaintiff filed suit against the State Police, an agency of the State of New Jersey, and Trooper Olivo, a state official by virtue of his employment as a New Jersey State Trooper. Therefore, any damages assessed against Trooper Olivo and the State Police would be taken from state funds. Since the State of New Jersey has not consented to suit in federal court against itself or any of its agencies or officers, the Court finds that Plaintiff's claims against the State Police and Trooper Olivo, in his official capacity, must be dismissed.

    **B.    "PERSONS" AMENABLE TO SUIT UNDER 42 U.S.C. § 1983**

The claims against the New Jersey Division of State Police and Trooper Olivo alleging constitutional violations must be dismissed because they are not "persons" within the purview of § 1983. Specifically, 42 U.S.C. § 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

In order to be liable within the meaning of the statute, a defendant must be a "person." The Supreme Court held in Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989), that a State, or an official of the State while acting in his or her official capacity, is not a "person" within the meaning of 42 U.S.C. § 1983. Specifically, the Court looked to the common meaning of the word "person" and its meaning within the legislative history of the enactment of the Civil Rights Act of 1871, the precursor of 42 U.S.C. § 1983. The Court stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, [citation omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Will, 491 U.S. at 66.

The Court further found that "in enacting § 1983, Congress did not intend to override well-established immunities or defenses under the common law" - specifically suing a state without its consent. Id. at 86. While § 1983 is a remedy for official violations of federal rights, it "does not suggest that the State itself was a person that Congress intended to be subject to liability." Id. at 66. Likewise, in an effort to prevent plaintiffs from circumventing Congressional intent by bringing suit against state officials rather than the state itself, the Court

in Will held that state officials, in their official capacities, are not "persons" within the meaning of §1983. Id. at 71. Although state officials literally are persons, a suit against a state official in his official capacity is not a suit against the official, but is a suit against the official's office. "As such, it is no different from a suit against the State itself." Id. There is no dispute that the New Jersey Division of State Police is an agency of the State of New Jersey. Likewise, there is no dispute that Trooper Olivo is a state official being sued in his official capacity. The intent of Plaintiff to sue Trooper Olivo only in his official capacity is clearly set forth in the Complaint. See Compl. The Complaint states in the first and second Counts "defendant did, under color of law, while acting in his capacity of a New Jersey state police officer, violate Plaintiff's Constitutionally guaranteed rights . . . ." See id. at ¶¶ 14, 20. This Plaintiff did not sue Olivo in his individual capacity. To the contrary, Plaintiff expressly states that Olivo violated his constitutional rights while acting in his capacity as a State Police officer. As such, Trooper Olivo is not a "person" for purposes of § 1983, and thus cannot be sued under this statute. Accordingly, Plaintiff's § 1983 claims must be dismissed against both the New Jersey Division of State Police and Trooper Olivo.

      **C.    ABSOLUTE IMMUNITY FOR TESTIFYING AS A WITNESS DURING THE MUNICIPAL TRIAL**

Plaintiff alleges that Defendant Olivo made false statements regarding the search of his vehicle during the municipal trial, which is a quasi criminal proceeding. Specifically, Plaintiff contends that Olivo lied under oath when he characterized his search as one for credentials when it was actually an unlawful ransack. See Compl. at ¶ 20. Defendant Olivo denies this allegation in its entirety. Nonetheless, regardless of the merits of Plaintiff's perjury allegations, Defendant

Olivo is still entitled to absolute immunity because immunity is afforded to police officer witnesses accused of perjury for their testimony during judicial proceedings. Briscoe v. LaHue, 460 U.S. 325, 341-42 (1983). In Briscoe, the United States Supreme Court held that police officers are entitled to absolute immunity from liability for claims brought pursuant to § 1983 arising out of allegedly perjured testimony. Id. at 342-45. The Supreme Court's decision was based upon the absolute immunity afforded to trial witnesses at common law and the immunity provided to judges and prosecutors. Id. at 344-45.

The court also determined that public policy considerations support absolute immunity for police officers on the witness stand. Id. at 342. In particular, the court found that subjecting government officials to liability under §1983 for their testimony might undermine their contribution to the judicial process as well as their job performance. Id. Moreover, the litigation of these types of matters might impose significant burdens on the judicial system and on law enforcement resources.[4] Id.

New Jersey case law also supports the notion that absolute immunity is afforded officers testifying in judicial proceedings. In Erickson v. Marsh & McLennan Co., 117 N.J. 539 (1990), the New Jersey Supreme Court held that "although defamatory, a statement will not be actionable if it is subject to an absolute or qualified privilege. A statement made in the course of judicial, administrative, or legislative proceedings is absolutely privileged and wholly immune from liability." 117 N.J. 539 at 563; see also Fenning v. S.G. Holding Corp., 47 N.J. Super. 110, 117

---

[4] In Williams v. Hepting, 844 F.2d 138 (3d Cir. 1988), the Third Circuit extended the rule in Briscoe to cover pretrial proceedings, such as preliminary hearings and suppression hearings. See id. at 140-41; see also, Al-Wahid Ali v. Person, 904 F. Supp. 375 (D.N.J. 1995).

(App. Div. 1957) (The doctrine that an absolute immunity exists in respect of statements, even those defamatory and malicious, made in the course of proceedings before a court of justice, and having some relation thereto, is a principle firmly established).  Thus, both federal and state law affords police officers absolute immunity in judicial proceedings.  As such, Rohrabacher's claims against Defendant Olivo for allegedly making false statements during his municipal trial, as set forth in the second and third Counts of his Complaint, must be dismissed.

## IV. CONCLUSION

In conclusion, the Court grants Defendants' Motion for Summary Judgment and dismisses Plaintiff's Complaint in its entirety because: (1) the claims against the State Police and Trooper Olivo are barred by the Eleventh Amendment; (2) the State Police and Trooper Olivo are not "persons" amenable to suit under 42 U.S.C. § 1983; and (3) Defendant Olivo is entitled to absolute immunity from Counts 1 & 2 for his testimony as a witness during Plaintiff's municipal trial.  An appropriate Order will follow.

Dated: April 23rd, 2008

 s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge